IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION**<br><br>This Document Relates to:<br><br>*Bey v. Philips, et al.*, #23-483 | Master Docket: Misc. No. 21-1230<br><br>MDL No. 3014 |

**MEMORANDUM OPINION**

I. Introduction

On February 1, 2023, plaintiff Richard Amun'Ra Bey ("Bey") filed a complaint seeking declaratory relief and damages against Victor Rocha, Roy Jakobs and the "Royal Philips" corporation ("Philips") (Civ. No. 23-483, ECF No. 1). Bey asserts that he suffered tonsil cancer as a result of his use of a Philips CPAP machine. Philips asserts that Bey's case should be dismissed with prejudice for failure to comply with this court's "show cause" order dated June 13, 2025 (ECF No. 19). Bey filed a response to the show cause order on July 14, 2025 (ECF No. 20). Philips filed a reply (ECF No. 21).

II. Procedural History

The case was originally filed by Bey in the United States District Court for the Southern District of Mississippi. On March 21, 2023, the case was transferred to the United States District Court for the Western District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings for the Philips MDL pursuant to 28 U.S.C. § 1407.

There was no activity of record in Bey's case for almost two years. On May 9, 2024, the Court entered a Docket Management Order ("DMO") (Misc. No. 21-1230, ECF 2769), which set deadlines for all personal injury cases filed by "Litigating Plaintiffs" (i.e., individuals who did not participate in the settlement of personal injury claims). On February 28, 2025, Philips filed a Notice at Bey's case, to reiterate that the DMO deadlines applied to him (ECF No. 17). As set forth in DMO ¶¶ 20 and 21, if a Litigating Plaintiff like Bey fails to comply with the DMO, his complaint is subject to dismissal with prejudice.

On June 10, 2025, Philips filed a motion (ECF No. 18) for the court to enter a "show cause" order for Bey to explain why his case should not be dismissed with prejudice for failure to comply with the DMO deadlines. The court granted Philips' motion and entered the show cause order (ECF No. 19). That order provided, in relevant part:

> ORDER TO SHOW CAUSE. All Plaintiffs listed in Exhibit A to this Order shall, no later than July 7, 2025, either (1) cure the deficiencies noted in Exhibit A to this Order and provide proof of having done so to the Court, or (2) file a response demonstrating good cause for their failure to cure. Pursuant to paragraph 21 of the Docket Management Order, ECF No. 2769, failure to do so shall result in dismissal of the relevant Plaintiff's claims with prejudice.

*Id.*

Bey filed a response (ECF No. 20). His response is dated July 1, 2025, although it was not received by the court until July 14, 2025. The court will accept Bey's response as timely (i.e., that Bey responded prior to the July 7, 2025 deadline in the show cause order). Philips filed a reply (ECF No. 21), contending that Bey's response did not cure his failure to comply with the deadlines in the DMO and show cause orders.

III.    Discussion

Philips seeks dismissal of this case with prejudice. It is somewhat unclear what Bey is attempting to do in this lawsuit. To the extent Bey is trying to join the private settlement agreement, he missed the January 31, 2025 deadline. That deadline was established by the parties and cannot be modified by the court.

With respect to the DMO and show cause orders, Philips reports that Bey did not provide any of the required information. Philips points out that Bey's response did not articulate any explanation or good cause for his failure to comply with those orders. Philips characterizes Bey's filing as nonresponsive.

The court largely agrees with Philips. Bey initiated this lawsuit by filing a complaint in federal court. To obtain relief from this court, Bey has a duty to comply with the court's orders. The deadlines in the DMO were designed to create an efficient process for all litigants – including Bey. There was no surprise because the DMO was issued more than a year ago, on May 9, 2024 (ECF No. 2769). A reminder to Bey was docketed on February 28, 2025. Bey, therefore, was on notice of his duties, among other things, to complete a plaintiff fact sheet, provide authorizations for medical records and obtain an expert report, Much of the information required by the DMO concerns only Bey's claims and is not dependent on access to forms or discovery directed to other parties.

Bey did not explain why he was unable to comply with the DMO deadlines or the "show cause" deadlines. Bey did not ask the court for an extension of time to gather the required information. Bey did not articulate any steps he took to attempt diligently to comply with the deadlines.

3

As set forth in DMO ¶ 20 and 21, Bey's complaint is subject to dismissal with prejudice. The court issued the "show cause" order contemplated by ¶ 21 of the DMO to Bey on June 13, 2025 (ECF No. 19). That order provided, in relevant part:

> ORDER TO SHOW CAUSE. All Plaintiffs listed in Exhibit A to this Order shall, no later than July 7, 2025, either (1) cure the deficiencies noted in Exhibit A to this Order and provide proof of having done so to the Court, or (2) file a response demonstrating good cause for their failure to cure. Pursuant to paragraph 21 of the Docket Management Order, ECF No. 2769, failure to do so shall result in dismissal of the relevant Plaintiff's claims with prejudice.

ECF No. 19. Bey failed to cure the deficiencies or to demonstrate good cause for that failure.

## IV.   Conclusion

For the reasons set forth above, this case will be dismissed with prejudice for failure to comply with the DMO deadlines and failure to show good cause for the failure to cure the deficiencies.

An appropriate order will be entered.

Dated: August 21, 2025

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge